# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue NW ) <br> Washington, DC 20530-0001, ) <br> ) <br>       Defendant. ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On July 24, 2018, Plaintiff submitted a FOIA request to Defendant, via certified mail, seeking access to the following:

   **1. All records of communications, including but not limited to emails (whether on .gov or non-.gov email accounts), text messages, encrypted app messages or instant chats, sent to or from DOJ official Lisa Holtyn regarding Donald Trump, Hillary Clinton, Fusion GPS, Christopher Steele, Nellie Ohr, the Clinton email server investigation, the Russian-Trump campaign "collusion" investigation and/or Peter Strzok.**

   **2. Calendar, planner and daily scheduler entries, whether physical or electronic, for Lisa Holtyn.**

The time frame for the request was identified as "January 2016 through the present."

6. By letter dated August 1, 2018, Defendant acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been directed to the Executive Office for Organized Crime Drug Enforcement Task Force ("OCDETF").

7. By letter dated September 7, 2018, OCDETF acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been assigned tracking number FOIA-OCD2018-0036. In its acknowledgement letter, OCDETF invoked FOIA's 10-day extension of time provision.

8. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from

production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA. Accordingly, Defendant's determination was due by October 22, 2018 at the latest.

13. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 27, 2019    Respectfully submitted,

/s/ *Jason B. Aldrich*
Jason B. Aldrich
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: jaldrich@judicialwatch.org

*Counsel for Plaintiff*